UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WILLICK,

        Plaintiff,

                                      Civil Case No. 15-12406

v.                                  Honorable Linda V. Parker

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S JUNE 14, 2016 R&R; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) REMANDING MATTER TO THE COMMISSIONER OF SOCIAL SECURITY**

      Plaintiff applied for Disability Insurance Benefits ("DIB") under the Social

Security Act on December 13, 2012, alleging that he became disabled on April 23,

2012.  The Social Security Administration denied Plaintiff's application for

benefits initially.  Upon Plaintiff's request, Administrative Law Judge Patricia S.

McKay ("ALJ") conducted a de novo hearing on March 24, 2014.  The ALJ found

Plaintiff not disabled in a decision issued May 20, 2014.  On August 14, 2014, the

Appeals Council vacated the decision and remanded the case back to the ALJ with

instructions to evaluate the opinion of Plaintiff's treating physician, Thomas

Nabity, M.D.  The ALJ held a new hearing on January 26, 2015, and issued a

second decision finding Plaintiff not disabled on March 18, 2015.  The ALJ's

decision became the final decision of the Social Security Commissioner

("Commissioner") when the Social Security Appeals Council denied review.

On July 6, 2015, Plaintiff initiated the pending action challenging the

Commissioner's decision.  The matter was referred to Magistrate Judge R. Steven

Whalen on the same date "for determination of all non-dispositive motions

pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)."  (ECF No. 2.)

The parties subsequently filed cross motions for summary judgment.  (ECF Nos. 9,

10.)

On June 14, 2016, Magistrate Judge Whalen issued a Report and

Recommendation (R&R) in which he recommends that this Court grant Plaintiff's

motion for summary judgment, deny the Commissioner's motion, and remand the

matter to the Commissioner for an award of disability benefits.  (ECF No. 12.)  At

the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they

may object to and seek review of the R&R within fourteen days of service upon

them.  (*Id*. at Pg ID 653-54.)  The Commissioner filed objections to the R&R on

June 28, 2016.  (ECF No. 13.)

## **Standard of Review**

The Social Security Act provides:

Any individual, after any final decision of the Commissioner of Social
Security made after a hearing to which he was a party . . . may obtain
a review of such decision by a civil action . . . The court shall have the
power to enter . . . a judgment affirming, modifying, or reversing the
decision of the Commissioner of Social Security, with or without
remanding the cause for a rehearing.  The findings of the
Commissioner of Social Security as to any fact, if supported by
*substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and
Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is
defined as 'such relevant evidence as a reasonable mind might accept as adequate
to support a conclusion.' "  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th
Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  If the
Commissioner's decision is supported by substantial evidence, the reviewing court
must defer to that decision " 'even if there is substantial evidence in the record that
would have supported an opposite conclusion.' "  *Longworth v. Comm'r of Soc.
Sec. Admin*. 402 F.3d 591, 596 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc.
Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

The court reviews de novo the parts of an R&R to which a party objects.
*See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.
2001).  However, the Court "is not required to articulate all the reasons it rejects a
party's objections."  *Id*.

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  The five-step process is as follows:

1.  At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).

2.  At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.  At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id.*

4.  At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  20 C.F.R.

§ 404.1520(a)(4).  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  The claimant bears the burden of proof through the first four steps.  *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).  If the claimant meets his burden, the burden of proof shifts to the Commissioner at the fifth step.  *Id*.

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since April 23, 2012.  (ECF No. 7-2 at Pg ID 46.)  The ALJ found at step two that Plaintiff has the following severe impairments: (1) multilevel degenerative disc disease of the thoracic and lumbar spine; (2) lumbar radiculopathy; and (3) history of alcohol abuse.  (*Id*.)  The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (*Id*. at Pg ID 49.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> occasional crouching, crawling, stooping, kneeling, bending, and climbing stairs; jobs that avoid workplace hazards such as moving machinery, unprotected heights and climbing ladders; as well as work that avoids operating foot controls.

(*Id*. at Pg ID 44.)  In reaching this conclusion, the ALJ rejected Dr. Nabity's opinion regarding additional limitations on Plaintiff's functioning due to his lower back pain, stating that the ALJ was "afford[ing] no persuasive weight to Dr.

Nabity's statements." (*Id*. at Pg ID 49-55.)  The ALJ also rejected Plaintiff's claimed limitations as not supported by the record.  (*Id*. at 54-55.)

The ALJ next concluded that Plaintiff is capable of performing his past relevant work as a production manager, as generally performed throughout the national economy.  (*Id*. at Pg ID 55-56.)  Thus, the ALJ concluded that Plaintiff is not disabled.  (*Id*. at Pg ID 57.)

In the R&R, Magistrate Judge Whalen concludes that the ALJ erroneously rejected Dr. Nabity's opinions.  Magistrate Judge Whalen finds that the ALJ's account of the medical evidence reflects a "myopic," "strained", and possibly "distorted" reading of the record.  (ECF No. 12 at Pg ID 647-48.)  The magistrate judge also concludes that some of the ALJ's findings are erroneous.  (*Id*. at Pg ID 647)  With respect to Dr. Nabity's opinion in August 27, 2014-- obtained when the Appeals Council remanded the matter for further evaluation of the doctor's opinion-- Magistrate Judge Whalen concludes that the ALJ did not provide "good reasons" for discounting the opinion.  (*Id*. at Pg ID 649.)  Lastly, finding that the record does not support a finding that Plaintiff, who is of advanced age under the Social Security regulations, could perform more than sedentary work, Magistrate Judge Whalen recommends that the Court remand the matter to the Commissioner for an award of benefits.  (*Id*. at Pg ID 652-53.)

The Commissioner raises four objections to the R&R, three relating to Magistrate Judge Whalen's assessment of the medical evidence (including Dr. Nabity's opinions) and one relating to the recommendation to remand for an award of benefits.

## Analysis

This Court agrees with Magistrate Judge Whalen, and therefore finds no error, with respect to his evaluation of the ALJ's assessment of the medical evidence. X-ray and EMG results supported a finding that Plaintiff suffered from degenerative spondylosis and chronic lumbar radiculopathy. The latter supports Dr. Nabity's finding of spinal stenosis or nerve root compression. These conditions are consistent with Plaintiff's repeated complaints of low back pain and the limitations contained in Dr. Nabity's opinion. Like Magistrate Judge Whalen, this Court believes the ALJ cherry-picked from the medical records to find that Plaintiff reported no back pain at some office visits. Notably, even when Dr. Nabity's records report in a general "Review of Symptoms" section a denial of multiple ailments, the same records reflect Plaintiff's complaints of bilateral leg pain and low back pain. If the information in the Review of Symptoms section were accurate, there would be no reason for Dr. Nabity's administration of epidural steroid injections at those appointments.

In short, the Court agrees with Magistrate Judge Whalen that substantial evidence does not support the ALJ's assessment of Plaintiff's physical limitations. The Court disagrees with Magistrate Judge Whalen, however, with respect to whether this warrants a remand for further consideration or an award of benefits.

The Sixth Circuit holds that "when the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and [the] decision therefore must be reversed, the appropriate remedy is not to award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175-76 (6th Cir. 1994). The Sixth Circuit further advised in *Faucher* that reviewing courts should award benefits "only if all essential factual issues have been resolved and the record adequately establishes [the] plaintiff's entitlement to benefits." *Id*. at 176. This Court does not believe that all essential factual issues have been resolved.

## Conclusion

For these reasons, the Court accepts in part and rejects in part the Commissioner's objections to the R&R. The Court therefore adopts in part and rejects in part Magistrate Judge Whalen's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 9) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Commissioner's motion for summary judgment (ECF No. 10) is **DENIED**;

**IT IS FURTHER ORDERED**, that the Commissioner's decision denying Plaintiff's social security benefits is **REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Magistrate Judge Whalen's June 14, 2016 R&R.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager